UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05236-RGK-SK | Date | August 5, 2022 |
|---|---|---|---|
| Title | *Jesus Ortega et al v. FCA US, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Remanding Action to State Court**

On June 17, 2022, Jesus Ortega and Olivia Jimenez ("Plaintiffs") filed a complaint against FCA US, LLC ("Defendant") in state court, alleging violations of the Song-Beverly Warranty Act. Plaintiffs seek damages, civil penalties, and attorneys' fees and costs. Defendant removed the case to federal court on diversity jurisdiction grounds (28 U.S.C. § 1332). (Notice of Removal, ECF No. 1.) Upon review of Defendant's Notice of Removal, the Court hereby **REMANDS** the action for lack of subject matter jurisdiction.

Title 28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. Under 28 U.S.C. § 1332, district courts have original jurisdiction over any civil action in which the parties are citizens of different states, and the action involved an amount in controversy that exceeds $75,000. A defendant's notice of removal must include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

Here, Defendant does not plausibly allege that the amount in controversy exceeds the jurisdictional threshold. Defendant asserts that Plaintiffs seek replacement or restitution of the vehicle at issue, which had a purchase price of $50,890.79. (Notice of Removal ¶¶ 28, 29.) While the Song-Beverly Warranty Act allows a plaintiff to recover the full purchase price of the car, this amount must be reduced to account for any use by plaintiff prior to the first repair of the vehicle. *See Tokmakova v. Volkswagen Group of America, Inc.*, 2012 WL 12952629, at * 2–3. Further, a plaintiff's recovery is limited to the actual payment amount to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). Defendant does not indicate the actual payment amounts made to the seller, leaving the Court with considerable doubt as to the amount in controversy. *Accord Tokmakova*, 2012 WL 12952629, at *3. Furthermore, even if the Court was to accept Defendant's calculation, the $50,890.79 figure is far below the jurisdictional minimum.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05236-RGK-SK | Date | August 5, 2022 |
|---|---|---|---|
| Title | *Jesus Ortega et al v. FCA US, LLC* | | |

    Defendant also asserts that Plaintiffs seek civil penalties, and attorneys' fees and costs. These penalties and costs, however, are speculative. As to civil penalties, while authorized under the Song-Beverly Act, Defendant has not alleged sufficient facts supporting such an award. As to attorneys' fees, district courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g., MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239, at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel, and may be avoided or accrue over years depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209, at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are also too speculative to include in the amount in controversy.

    Therefore, the Court finds that Defendant has not plausibly alleged that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **REMANDS** this action to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre/k |